**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 4:24-cr-555-MAL |
| RONALD M. TROUPE, | |
| *Defendant.* | |

**MEMORANDUM AND ORDER**

Having reviewed ***de novo*** the **report** and **recommendation** from the magistrate judge[1], Doc. 53, the Court accepts the recommendation and **DENIES** Defendant Ronald M. Troupe's motion to suppress evidence, Doc. 32. The Court fully sustains, adopts, and incorporates the report, supplementing its reasoning here.

**Analysis**

Because Troupe objects to the report, the Court reviews the motion and the report ***de novo***. 28 U.S.C. § 636(b)(1)(C).  The Court conducted a ***de novo*** review of all matters relating to Troupe's motion—including a thorough review of the evidentiary hearing held before the magistrate judge and the parties' briefing—and finds that the magistrate judge's report persuasively addresses the motion.  The Court is not persuaded by Troupe's subsequent objections to the report which raise the same arguments and issues that were before the magistrate judge.

The Court adds that Troupe's objections, even if correct, fall far short of showing the kind of conduct that, if proven, justify the extraordinary remedy of suppressing evidence.  "[S]uppression is not an automatic consequence of a Fourth Amendment violation.  Instead, the question turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct." *United States v. Houck*, 888 F.3d 957, 959–60 (8th Cir. 2018) (quoting *Herring v. United States*, 555 U.S. 135,

---

[1] United States Magistrate Judge Shirley P. Mensah.

137 (2009)). The exclusionary rule is a judicially created prudential remedy, and "there is always a 'high obstacle for those urging application of the rule.'" *Lange v. California*, 594 U.S. 295, 317 (2021) (Thomas, J., concurring) (citing *Pennsylvania Bd. of Prob. And Parole v. Scott*, 524 U.S. 357, 364–65 (1998)). Excluding evidence "obstructs the truth-finding functions of judge and jury," creating a "downstream risk that 'some guilty defendants may go free or receive reduced sentence.'" *Id* at 318. (citing *United States v. Leon*, 468 U.S. 897, 907 (1984) (citation modified)). The remedy is only appropriate when needed to deter "intentional conduct that was patently unconstitutional." *Herring*, 555 U.S. at 143.

The Court agrees with the magistrate judge's report that neither Troupe's Fourth nor Fifth Amendment rights were violated. The report persuasively establishes why. And Troupe's objections to the portions of the report addressing the alleged Fourth Amendment violations do not persuade the Court otherwise. But even if Troupe could establish a Fourth Amendment violation, this would not justify suppressing any evidence because Troupe fails show that the officers engaged in "intentional conduct that was patently unconstitutional." *Id.*

For example, Troupe objects that an officer dispatched to a high-crime gas station to search for and question a black male named Que who, according to a 911 caller, had been harassing a woman at the gas station just 20 minutes before, *see* Doc. 53 at 7, did not have reasonable suspicion to briefly detain him for an investigation because he was driving a "large" gray "12-to-15 person van" rather than a gray "pickup truck" as described by a 911 caller the day before Doc. 54 at 8; Doc. 42 at 50–51. But the call that the officer was actually responding to described the suspect's vehicle as just a gray "truck." The "pickup truck" call was from the day before, and it was only forwarded to the officer because it was ***possibly***—but not ***necessarily***—related. Doc. 42 at 12–13. That so, the "pickup truck" call is not dispositive as to whether the officer had a reasonable suspicion to briefly detain Troupe. Just because a suspect's "truck" ***might be*** a "pickup truck" does not mean that it ***must be*** a "pickup truck."

2

The officer reasonably could have suspected that Troupe's vehicle was the "truck" described in the call she was responding to.  As the magistrate judge noted, "it is not unusual for people to use the word 'truck' to describe large vehicles."  Doc. 53 at 3.  That is especially true for distressed 911 callers in the heat of the moment.  Indeed, in this particular officer's experience, it was not uncommon for people calling the police to mix up trucks and vans.  Doc. 42 at 19–20.  She had responded to calls describing a truck before that she would have described differently.  *Id.* at 20.  But even if it was unusual, it is not so unusual that the officer's brief investigatory detention of Troupe, given the totality of the circumstance, "was patently unconstitutional."  *Herring*, 555 U.S. at 143.  Such objections fall far short of showing the type of unconstitutional conduct that comes close to justifying suppressing evidence that might let a guilty defendant go free.

## Conclusion

The Court **accepts**, **adopts**, and **incorporates** in full the report's recommendation to deny Troupe's motion.  **IT IS HEREBY ORDERED** that Troupe's motion to suppress evidence, Doc. 32, is **DENIED**.

**SO ORDERED,**

This 6th day of March, 2026.

_Maria A. Lanahan_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

3